UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Garmon, | ) Civil Action No: 6:12-1208-MGL |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Administrative Remedy Coordinator, | )  **OPINION AND ORDER** |
| Southeast Regional Administrative | ) |
| Remedy Coordinator; Joseph Neal; | ) |
| H.T.Wall; Willie Davis; and | ) |
| National Inmate Appeal Coordinator, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

David Garmon ("Plaintiff"), a federal prisoner proceeding *pro se*, brought this action pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1], 403 U.S. 388 (1971) alleging that Harrell Watts, the Bureau of Prison's ("BOP") National Inmate Appeals Administrator in Washington, D.C.; Craig Simmons, the BOP's Southeast Regional Office Administrator Remedy Coordinator in Atlanta, Georgia; and four BOP employees at the Federal Correctional Institution in Edgefield, South Carolina ("FCI Edgefield"): Joseph Neal, Unit Manager; Willie Davis, Correctional Counselor; H.T. Wall, Case Manager; and Jerome Brooks, Case Manager Coordinator ("Defendants") violated his constitutional rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and

---

[1] In Bivens, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 against a state official in his personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving Section 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

Recommendation.  On July 16, 2012, Defendants filed a motion to dismiss, or in the alternative, for summary judgment.  (ECF No. 56.)  Since Plaintiff is *pro se* in this matter, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on that same day, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 57.)  Plaintiff requested and received extensions of time in which to file a response to Defendants' motion.  Plaintiff filed his opposition on October 10, 2012. (ECF No. 71.)

On January 31, 2013, Magistrate Judge McDonald  issued a Report recommending that Defendants' motion for summary judgment be granted.  (ECF No. 77.)  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so.  Objections were due by February 19, 2013.  Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews the Report and Recommendation only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

-2-

After reviewing the motion and response, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF. No. 77) by reference into this order. It is therefore ORDERED that the Defendants' motion for summary judgment is GRANTED and this case dismissed.

IT IS SO ORDERED.

                                                     s/Mary G. Lewis  
                                                   United States District Judge

Spartanburg, South Carolina  
February 20, 2013